UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kenny Verlus<br><br>Plaintiff,<br><br>V.<br><br>Nasa Federal Credit Union,<br><br>Defendant. | Case No.<br><br><br><br>JURY TRIAL DEMANDED. |

## INTRODUCTION

This case is about accountability under the Fair Credit Reporting Act ("FCRA"). NASA-FCU reported false, contradictory information about Plaintiff's account and refused to conduct the investigation the law requires.

In or about March 2022, NASA-FCU reported Plaintiff's account as charged off. Yet in the same reporting, NASA-FCU stated that Plaintiff's last payment was made on April 19, 2022, more than a month after the charge-off date. These entries cannot both be correct. They are misleading, damaging, and unlawful.

Plaintiff exercised their rights by disputing this reporting with Experian, Equifax, and TransUnion. Plaintiff also submitted a complaint to the Consumer Financial Protection Bureau and sent a direct dispute letter to NASA-FCU requesting account documentation, payment history, the date of first delinquency, and the method of verification. NASA-FCU responded with

1

a form letter stating it could not consider the request due to "insufficient information," even though Plaintiff had provided all relevant identifying information.

As a result of NASA-FCU's inaccurate reporting and refusal to investigate, Plaintiff has suffered anxiety, stress, and depression, documented in evidence. Plaintiff has also been denied business loans, personal loans, auto financing, and a home mortgage. These denials are supported by rejection letters attached as exhibits.

NASA-FCU's conduct violates its duties under the FCRA, including 15 U.S.C. § 1681s-2(b) and § 1681i. Courts have long held that a furnisher's failure to perform a reasonable investigation after receiving a dispute notice is actionable. See *Johnson v. MBNA America Bank, N.A.*, 357 F.3d 426, 431 (4th Cir. 2004). Similarly, a reinvestigation must be more than superficial. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 224 (3d Cir. 1997). Plaintiff's allegations state concrete injuries sufficient for Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under federal law.
2. Venue is proper under 28 U.S.C. § 1391(b) because NASA-FCU conducts business in this District and a substantial part of the events giving rise to this claim occurred here.

## PARTIES

3. Plaintiff Kenny Verlus is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), residing in Cambridge, Massachusetts

2

# UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

4. Defendant NASA Federal Credit Union ("NASA-FCU") is a federally chartered credit union with its principal office located at 500 Prince George's Blvd., Upper Marlboro, MD 20774. NASA-FCU furnishes information to consumer reporting agencies and is subject to the FCRA.

## FACTUAL ALLEGATIONS

5. Plaintiff held an account with NASA-FCU, account number 612038XXXX.
6. NASA-FCU reported the account as charged off beginning in March 2022.
7. NASA-FCU also reported a last payment date of April 19, 2022.
8. Reporting both a charge-off in March 2022 and a last payment after that date is contradictory, inaccurate, and misleading.
9. Plaintiff disputed these inaccuracies with Experian, Equifax, and TransUnion.
10. Plaintiff also filed a complaint with the CFPB.
11. Plaintiff sent a direct letter to NASA-FCU requesting the date of first delinquency, payment history, balance, and method of verification. (Exhibit B).
12. NASA-FCU responded with a refusal letter claiming it could not consider Plaintiff's request. (Exhibit C).
13. Plaintiff's TransUnion credit report confirms NASA-FCU's contradictory reporting. (Exhibit E)
14. NASA-FCU failed to conduct a reasonable investigation or correct the inaccurate information.
15. As a result, Plaintiff has suffered:
    a. Emotional distress including anxiety, stress, and depression (Exhibit A);
    b. Denials of credit, including business loans, personal loans, auto financing, and a mortgage

3

(Exhibit D);

c. Lost financial opportunities and delayed life milestones.

## COUNT I – VIOLATION OF THE FCRA

15. Plaintiff realleges and incorporates all prior paragraphs.

16. NASA-FCU is a furnisher of information under the FCRA.

17. After receiving notice of Plaintiff's disputes from consumer reporting agencies, NASA-FCU was required by 15 U.S.C. § 1681s-2(b) to:

   a. Conduct a reasonable investigation;

   b. Review all relevant information;

   c. Correct or delete inaccurate or incomplete information; and

   d. Report the results to the consumer reporting agencies.

18. NASA-FCU failed to comply. Instead, it continued to report inaccurate information and issued a refusal letter instead of investigating.

19. This failure mirrors the conduct found unlawful in *Johnson v. MBNA America Bank, N.A.*, 357 F.3d 426 (4th Cir. 2004), where the court held that a furnisher must conduct a reasonable investigation once notified of a dispute.

20. NASA-FCU's conduct was negligent and willful, entitling Plaintiff to damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II – VIOLATION OF THE FCRA

21. Plaintiff realleges and incorporates all prior paragraphs.

4

22. Plaintiff disputed the inaccurate reporting with Experian, Equifax, and TransUnion, triggering NASA-FCU's duty to verify the information.

23. NASA-FCU failed to properly reinvestigate or verify the accuracy of its reporting.

24. A reinvestigation must be more than superficial. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 224 (3d Cir. 1997). NASA-FCU's refusal to investigate is exactly the type of violation recognized by courts.

25. Plaintiff's injuries are concrete and particularized, as required by Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

26. NASA-FCU's violations caused Plaintiff actual damages, including credit denials, lost opportunities, anxiety, and stress.

## DAMAGES

27. Plaintiff has suffered:

    a. Emotional distress, anxiety, and depression;

    b. financial harm, including multiple denials of credit;

    c. Out-of-pocket expenses incurred in disputing the inaccurate reporting.

28. Plaintiff seeks actual damages under § 1681o, statutory damages of up to $1,000, punitive damages for willful violations under § 1681n, and costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in Plaintiff's favor and against NASA-FCU;

   b. Award Plaintiff actual, statutory, and punitive damages;

   c. Order NASA-FCU to delete the inaccurate information;

5

    d. Award Plaintiff court and summons costs

    e. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Kenny Verlus
C/O 20 walden square road apt. 511
Cambridge,MA )2140
Kverlus@gmail.com